

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

December 21, 1964

Honorable Bill Lofland
County Attorney
Rockwall County Courthouse
Rockwall, Texas

Opinion No. C- 365

Re: Whether the busi-
ness of a broker
of cemetery lots
is regulated by
Articles 1.01
et seq., Article
6573a, Article
912a, V.C.S.,
or Article 7.05b,
V.P.C.

Dear Mr. Lofland:

You have requested an opinion from this office on the above captioned question.

Your brief, from which we quote, describes the questioned enterprise as follows:

"It has come to our attention that there are large numbers of persons in this State who are unable to dispose of cemetery lots which they no longer need as a result of having moved or having been transferred. The group consists principally of persons who purchase cemetery lots near their homes and who, on moving, are prevented from resel- ling their lots to the cemetery from which they were originally purchased because of cemetery regulations prohibiting repurchase of cemetery lots once sold, or because the price offered for repurchase is nominal. We are further informed that many of these people would exchange their lots with one another or offer them for sale if there were some means by which they could so dispose of their property. We have received further information that a business has been formed for the purpose of acting as an intermediary for such persons."

You have advised that the enterprise in question involves individuals and not a corporation, therefore the Business Corporation Act, Article 1.01, et seq., Vernon's Civil Statutes, is not applicable.

Any individual wishing to transact the business of operating a cemetery must do so through a corporation organized under Article 912a, Vernon's Civil Statutes. Art. 912a, Sec. 5. V.C.S. We have concluded, however, that a broker of cemetery lots will not be transacting such business.

A broker is a special agent engaged by others to negotiate contracts for the sale or lease of real estate or other property. Ryan Lumber Co. v. Conn, 20 S.W.2d 388 (Tex.Civ.App. 1929, error dism.) An agent's acts, within the scope of his authority, are the acts of his principal. 2 Tex.Jur. 2d 437, Agency, Sec. 2.

Under the facts in this situation, the broker would be a special agent and as such, his acts would be the acts of the burial lot owners.

It is our opinion that a broker of cemetery lots would not be transacting any of the business of operating a cemetery and thus would not be regulated under Article 912a, Vernon's Civil Statutes.

However, the enterprise in question would fall under the regulations of the Real Estate License Act, Art. 6573a, Vernon's Civil Statutes, and under the penal provisions of Art. 705b, Sec. 1, Vernon's Penal Code.

Section 4 of Art. 6573a, Real Estate License Act, Vernon's Civil Statutes, reads:

"Sec. 4. The following terms shall, unless the context otherwise indicates, have the following meaning:

"(1) The term 'Real Estate Broker' shall mean and include any person who, for another or others and for compensation or with the intention or in the expectation or upon the promise of receiving or collecting compensation:

"(a) Sells, exchanges, purchases, rents or leases real estate;

"(b) Offers to sell, exchange, purchase, rent or lease real estate;

"(c) Negotiates, or offers or attempts or agrees to negotiate the sale, exchange, purchase rental or leasing of real estate;

"(d) Lists or offers or attempts or agrees to list real estate for sale, rental, lease, exchange or trade;

\* \* \*

"(i) Advertises or holds himself out as being engaged in the business of buying, selling, exchanging, renting or leasing real estate;

"(j) Procures or assists in the procuring of prospects, calculated to result in the sale, exchange, leasing or rental of real estate;

"(2) The term 'Real Estate Broker' shall also include any person employed by or on behalf of the owner or owners of real estate at a stated salary or upon a commission or upon a salary and commission basis or other compensation to sell, exchange or offer for sale such real estate or any part thereof who shall sell, exchange or offer or attempt or agree to negotiate the sale or exchange of any lot or parcel of real estate; provided, however, if the owner of lots or other parcels is engaged in the business of buying, selling, exchanging, leasing, or renting a property and holding himself out as a full or part-time broker in real estate, then such person employed by said owner may be licensed as a salesman."

It is unlawful for any person to perform any of the above acts without obtaining a license as provided for by the Act. Art. 6573a, Sec. 1, V.C.S. (Real Estate License Act).

While an interest in a burial lot has been described as a fee limited in purpose, an easement, or a license, it is, in any event, an interest in real estate. Billings vs. Paine, 319 S.W.2d 653 (Mo.Sup., 1959); Oak Park Cemetery vs. Donaldson, 148 S.W.2d 994 (Tex.Civ.App., 1940, error dism., judg. cor.).

It is our opinion that the interest in a burial lot is real estate as contemplated by the statute; that the transactions of a broker of cemetery lots clearly fall within the definition of a Real Estate Broker, and as such the enterprise is subject to the regulations under the Real Estate License Act.

We further conclude that a broker of cemetery lots would be subject to Art. 705b-1, Vernon's Penal Code, which reads:

"It shall be unlawful for any person, . . . agent, or employee thereof, to sell, offer for sale, or advertise any cemetery plot or the exclusive right of sepulture therein under the representation that such plot is under perpetual care, before a perpetual care fund as provided for by law has been established for the cemetery in which such property so sold, offered for sale, or advertised is situated; or to engage in or transact any of the businesses of a cemetery within this State other than by means of a corporation organized for such purpose, except as otherwise provided by law; . . . or to sell or offer for sale or advertise for sale cemetery lots or the exclusive right of sepulture therein for purposes of speculation or investment; or to represent through advertising or printed matter that a retail department will later be established for the resale of cemetery lot purchasers that specific improvements will be made in the cemetery or that specific merchandise

or service will be furnished the lot owner, unless adequate funds or reserves have been created by the operator of the cemetery for each such purpose; . . . . Any person . . . violating any of the provisions of this Section shall be guilty of misdemeanor and on conviction thereof shall be fined not more than Five Hundred Dollars ($500) or, if a person, imprisoned not exceeding six (6) months in a county jail, or punished by both such fine and imprisonment. . . . and for such purposes venue is hereby conferred upon the District Courts in this State."

Any violation of this statute would subject such person to the penalties and punishment prescribed therein.

## S U M M A R Y

1. A broker of cemetery lots is not subject to the regulations of Art. 912a, Vernon's Civil Statutes.

2. A broker of cemetery lots is subject to Art. 6573a, the Real Estate License Act, Vernon's Civil Statutes, and Art. 705b, Sec. 1, Vernon's Penal Code.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

CARLOS F. VELA
Assistant Attorney General

CFV:ss

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
J. Gordon Zuber
V. F. Taylor
Linward Shivers
Charles Swanner

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone